United States District Court
for the
Southern District of Florida

| Lionel Phillip, Plaintiff, | ) |
|---|---|
| | ) |
| v. | ) |
| | ) Civil Action No. 19-20122-Civ-Scola |
| American Federation Government | ) |
| Employees AFL-CIO and AFGE | ) |
| Local Union 3690, Defendants. | ) |

**<u>Order on Defendants' Motion to Dismiss</u>**

This matter is before the Court on Defendants' motion to dismiss the Plaintiff's complaint. (ECF No. 20.) The pro se Plaintiff filed a "motion to deny the Defendants' motion to dismiss," which the Court will construe as a response in opposition to the Defendant's motion. (ECF No. 22.) Having considered the record, the parties' submissions, and the applicable law, the Court **grants** the Defendant's motion. (ECF No. 20.)

**I.    Background**

The Plaintiff's complaint sets forth a timeline of events beginning sometime in 2014. From what the Court can discern, the Plaintiff was employed by the Federal Bureau of Prisons and a member of the bargaining unit represented by the American Federation of Government Employees ("AFGE") Local 3690. (ECF No. 20-1 at 2.) In 2014, the Plaintiff circulated a petition requesting a decertification election for the AFGE Local 3690 and sent an email to union members with instructions on how to cancel their membership. (*Id.*; ECF No. 1 at 3.) The union leadership took internal disciplinary action against the Plaintiff.

On April 14, 2014, the AFGE National President informed the Plaintiff that a hearing regarding the internal charges would be held August 27-28, 2014 in Miami, Florida. (ECF No. 20-1 at 2.) After the hearing, Arbitrator Charles Murphy issued his decision finding that the Plaintiff violated Article XXIII, Section 2(a) of the AFGE constitution. (*Id.*) The AFGE President then informed the Plaintiff that he was adopting the recommendation of the independent arbitrator. (*Id.*)

On February 4, 2015, the Plaintiff filed a complaint with the Office of Labor Management Standards (OLMS) alleging that the AFGE National Headquarters violated 29 C.F.R. § 458.2 (Bill of Rights of members of labor organizations) and 29 C.F.R. §458.37 (prohibition of certain discipline). (ECF No. 1 at 2.) OLMS investigated the complaint and ruled that it did not have jurisdiction in the matter. (ECF No. 2-1 at 3.)

The Plaintiff is now suing the union alleging that the union "violated [his] Rights to Freedom of Speech and Assembly" and "concerning the prohibition of certain discipline, in that [he] was expelled from membership of AFGE for allegedly creating and circulating a petition requesting a decertification election for AFGE Local 3690." (ECF No. 1 at 3.)

## II. Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted). "In the case of a *pro se* action, [ ] the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990)

## III. Analysis

The Plaintiff's complaint does not include counts. (*See* ECF No. 1.) The Court, however, construes the Plaintiff's complaint as asserting a claim for retaliatory discharge or discipline in violation of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401 et seq. ("LMRDA"). The Defendants argue that the Plaintiff's complaint fails to state a claim because the

Plaintiff failed to plead that he was disciplined for protected speech. (ECF No. 20-1 at 6-8.) Upon careful review, the Court agrees with the Defendants.

Section 101(a)(2) of the LMRDA, sometimes called the "Bill of Rights for Union Members," ensures that union members have the right of free speech and safeguards against improper disciplinary action. These rights, however, are not limitless. *See* 29 U.S.C. § 411(a)(2). The relevant section provides that:

> Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

29 U.S.C. § 411(a)(2) (emphasis in original). "In exercising the right to engage in speech, assembly, or expression . . . union members may not claim protection of Title I when such conduct violates their responsibility toward their union as an institution or interferes with the union's performance of its legal or contractual obligation." *Meader v. District Lodge No. 4, Indus. Union of Marine and Shipbuilding Workers of America*, 786 F. Supp. 95, 101 (D. Me. 1992).

"In order to establish a prima facie case of retaliatory discharge or discipline in violation of the LMRDA, Plaintiffs must establish that: (1) their conduct constituted an exercise of free speech protected by the LMRDA; (2) they were subject to adverse action; and (3) the adverse action was causally connected to the exercise of protected free speech." *Carroll v. Int'l Ass'n of Machinists & Aero. Workers*, No. 03-3106, 2006 U.S. Dist. LEXIS 95920, at *10 (S.D. Ga. March 15, 2006). The Defendants argue that the Plaintiff failed to establish that he engaged in free speech. (ECF No. 20-1 at 8.) Upon review, the Court agrees with the Defendants.

First, the Plaintiff's complaint contains very few facts about his protected conduct. (ECF No. 1.) The most detail comes from the Plaintiff's assertion that he "allegedly creat[ed] and circulat[ed] a petition requesting a decertification election for AFGE Local 3690." (*Id.* at 3.) From the Defendant's motion to dismiss and the exhibits attached to the Plaintiff's response, the Court learns that the

Plaintiff was charged with circulating a petition seeking to decertify the union and an email explaining the procedures for dropping union membership. (ECF No. 22 at 8.) This cannot form the basis of a claim for retaliatory discharge.

Federal courts have held that unions are justified in expelling members whose actions "interfere with the union's institutional integrity." *Meader*, 786 F. Supp. 95 at 102 (citing *Mayle v. Laborer's Local 1015,* 866 F.2d 144, 146-47 (6th Cir. 1988)). This includes members who have helped organize rival unions, *Furguson v. International Ass'n of Bridge, etc., Workers*, 854 F.2d 1169 (9th Cir. 1988), and those who have actively supported a decertification petition, *Price v. N.L.R.B.*, 373 F.2d 443 (9th Cir. 1976), *cert. denied,* 392 U.S. 904 (1968). Here, the Plaintiff has not, and cannot, assert that circulating a petition to decertify the union and an email explaining the procedures for dropping union membership is protected under the LMRDA. The LMRDA specifically allows the union to "adopt and enforce reasonable rules as to the responsibility of every member towards the organization as an institution and refraining from conduct that would interfere with its performance of its legal or contractual obligations." 29 U.S.C. § 411(a)(2). The Plaintiff's conduct has the effect of encouraging members to leave the union and threatening the very existence of the union. This conduct is not protected under the LMRDA. *See Meader*, 786 F. Supp. at 102. Therefore, the Plaintiff's complaint fails to state a claim for retaliatory discharge.

## IV. Conclusion

Based on the foregoing, the Court **grants** the Defendant's motion to dismiss. (**ECF No. 20**.) All other pending motions are denied as **moot**. The Clerk is directed to **close** this case.

**Done and ordered** at Miami, Florida, on September 19, 2019.

Robert N. Scola, Jr.
United States District Judge